UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

DESIGN PICS INC.,

        Plaintiff,      __**MEMORANDUM & ORDER**__
                  20-CV-1096 (MKB) (JO)
   v.

PBH NETWORKS, INC. d/b/a ALL THAT'S
INTERESTING and DOES 1–10,

        Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

   Plaintiff Design Pics Inc. commenced the above-captioned action against PBH Networks,

Inc. ("PBH"), doing business as All That's Interesting, and Does 1–10 on February 28, 2020,

alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and

violations of the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1202 *et seq.*

(Compl. ¶¶ 14–25, Docket Entry No. 1.)  After PBH failed to answer or otherwise respond to the

Complaint, the Clerk of Court entered default against PBH on April 15, 2020.  (Clerk's Entry of

Default, Docket Entry No. 10.)  On May 11, 2020, Plaintiff moved for a default judgment.  (Mot.

for Default J., Docket Entry No. 11; Pl.'s Mem. in Supp. of Mot. ("Pl.'s Mem."), Docket Entry

No. 11-1.)  By order dated May 15, 2020, the Court referred the motion to Magistrate Judge

James Orenstein, (Order dated May 15, 2020), and by report and recommendation dated October

27, 2020, Judge Orenstein recommended that the Court deny the motion with respect to

Plaintiff's DMCA claim, dismiss that cause of action for failure to state a claim, grant the motion

with respect to Plaintiff's copyright infringement claim, and enter a default judgment against

PBH in the sum of $4,634, consisting of $750 in statutory damages, $3,484 in attorneys' fees,

and $400 in costs (the "R&R").  (R&R 13, Docket Entry No. 14.)  Plaintiff objects to the R&R in part, arguing that the Court should award it $30,000 rather than $750 in statutory damages.  (Obj. to R&R ("Pl.'s Obj.") 2–3, Docket Entry No. 16.)  PBH has not objected to the R&R or responded to Plaintiff's objections, and the time for doing so has passed.

For the reasons set forth below, the Court adopts the R&R except for its recommendation as to statutory damages, which the Court increases to $4,500.

## I.   Background

Plaintiff is a digital media stock photography company that secures the rights to images and then licenses others to reproduce them.  (Compl. ¶ 7.)  As relevant here, Plaintiff secured the rights to a photograph of the U.S. flag (the "Photo") and PBH later published a copy of the Photo without authorization on a website that it operates.  (*Id.* ¶¶ 8–13.)  As a result, Plaintiff brought this action alleging that PBH infringed its copyright in the Photo and violated the DMCA by intentionally removing or altering the Photo's copyright management information ("CMI").  (*Id.* ¶¶ 18, 24.)  Following PBH's default, Plaintiff moved for a default judgment seeking $32,500 in statutory damages, $5,362 in attorneys' fees, and $460 in costs, and the Court referred the motion to Judge Orenstein.  (Mot. for Default J. ¶¶ 6–9; Order dated May 15, 2020.)

### a.   Report and recommendation

Judge Orenstein recommended that the Court deny Plaintiff's motion with respect to Plaintiff's DMCA claim for the intentional removal of CMI and dismiss that cause of action for failure to state a claim because "the Complaint does not identify any specific CMI that the Photo ever contained or that PBH removed."  (R&R 4.)  Judge Orenstein further recommended that the Court grant the motion with respect to Plaintiff's copyright infringement claim because Plaintiff adequately alleged, and PBH's default established, that Plaintiff owns the Photo's copyright and

that PBH published a copy of the photo on its website without authorization.  (*Id.* at 3–4.)  As to

damages, Judge Orenstein concluded that the "[t]he information [Plaintiff] has submitted, even

viewed against the unavailable information it could not secure in discovery [as a result of PBH's

default], does not support an award of the maximum amount of statutory damages."  (*Id.* at 8.)

In reaching this conclusion, Judge Orenstein noted that Plaintiff "has never licensed the Photo at

issue," that the licensing fees Plaintiff has received for comparable uses of other photographs

"are far closer to (and straddle) the minimum statutory award," and that Plaintiff neither

"adduced any evidence of any benefit that PBH enjoyed as a result of the infringement" nor

"identif[ied] a theory under which PBH might have reaped some benefit."  (*Id.*)  Because Judge

Orenstein found that the record "includes no evidence to meaningfully distinguish this case from

a case in which the minimum statutory award would be justified solely by virtue of the fact of

infringement," he recommended that the Court award the minimum statutory damages of $750.

(*Id.*)  As to attorneys' fees, Judge Orenstein reduced the hourly rates Plaintiff sought for partner-

level and paralegal-level work from $485 and $100 per hour to $400 and $75 per hour,

respectively, in accordance with the prevailing rates in this District.  (*Id.* at 9–10.)  In addition,

he recommended a twenty percent reduction of the claimed hours "to account for the block

billing, the duplication of effort, and the unreasonably high number of hours billed for a routine

default," for a total amount of $3,484 in attorneys' fees.  (*Id.* at 12.)  Finally, Judge Orenstein

recommended reimbursement for $400 out of $460 in claimed costs based on the supporting

documentation Plaintiff submitted, resulting in a total award of $4,634, consisting of $750 in

statutory damages, $3,484 in attorneys' fees, and $400 in costs.  (*Id.* at 12–13.)

      **b.  Plaintiff's objections to the R&R**

Plaintiff's sole objection to the R&R is that the Court should award Plaintiff $30,000 rather than $750 in statutory damages.  (Pl.'s Obj. 3–8.)  Plaintiff argues that this increased amount is necessary to compensate Plaintiff, punish PBH, and deter future infringers and that "[s]tatutory damages of three to five times the licensing fee an infringing defendant would have paid for the right to use the copyrighted work are routinely awarded."  (*Id.* at 6.)  In support, Plaintiff argues that it submitted "competent evidence of licensing fees for similar photographs that it owns and that it has licensed" and that the R&R "discounted this evidence."  (*Id.* at 7–8.)  Plaintiff argues that "[a]n award of statutory damages for less than the commercial value for comparable uses would incentivize infringers to roll the dice and infringe copyrighted works in the hopes that any eventual court award could be less than what it would have to pay on the open market," and therefore the R&R's recommended $750 statutory award "does not comport with either the applicable law or [Plaintiff's] evidence."  (*Id.* at 8.)

## II.  Discussion

      **a.  Standard of review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected.  *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1

(E.D.N.Y. Nov. 24, 2015) (applying clear error when no objections to the magistrate judge's report and recommendation were filed).  The clear error standard also applies when a party makes only conclusory or general objections.  Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

> **b.   Unopposed portions of the R&R**

Plaintiff does not object to the portions of the R&R recommending that the Court deny the motion with respect to Plaintiff's DMCA claim and dismiss that cause of action or that the Court grant the motion with respect to Plaintiff's copyright infringement claim and enter a default judgment against PBH including awards of $3,484 in attorneys' fees and $400 in costs. Having reviewed the relevant portions of the R&R, and finding no clear error, the Court adopts these recommendations pursuant to 28 U.S.C. § 636(b)(1).

> **c.   The Court increases the statutory award to $4,500**

Upon review, the Court finds that the evidence of Defendant's willfulness warrants an increase in the award of statutory damages in this case.

The Copyright Act provides that the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any

one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just."

17 U.S.C. § 504(c)(1).  In addition, "[i]n a case where the copyright owner sustains the burden of

proving, and the court finds, that infringement was committed willfully, the court in its discretion

may increase the award of statutory damages to a sum of not more than $150,000."  *Id.*

§ 504(c)(2).  Courts "enjoy wide discretion . . . in setting the amount of statutory damages."

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (quoting *Fitzgerald Publ'g

Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986)).  In exercising this discretion,

courts consider the "*Bryant* factors," which include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits
> earned, by the infringer; (3) the revenue lost by the copyright holder;
> (4) the deterrent effect on the infringer and third parties; (5) the
> infringer's cooperation in providing evidence concerning the value
> of the infringing material; and (6) the conduct and attitude of the
> parties.

*Id.* at 144 (citing *N.A.S. Imp. Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252–53 (2d Cir.

1992)).  "A copyright holder seeking to prove that a copier's infringement was willful must show

that the infringer 'had knowledge that its conduct represented infringement or . . . recklessly

disregarded the possibility.'"  *Id.* at 143 (quoting *Twin Peaks Prods. v. Publ'ns Int'l, Ltd.*, 996

F.2d 1366, 1382 (2d Cir. 1993)).  "Willfulness may be inferred from a defendant's conduct,"

*Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 197 (S.D.N.Y. 2016) (citing

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1010 (2d Cir. 1995)), "and is often found

where a defendant continued the infringing behavior after receiving notice of the license

requirement or directions to cease and desist," *id.* (first citing *Broad. Music, Inc. v. 315 W. 44th

St. Rest. Corp.*, No. 93-CV-8082, 1995 WL 408399, at *5 (S.D.N.Y. July 11, 1995); and then

citing *Microsoft Corp. v. AGA Sols., Inc.*, No. 05-CV-5796, 2010 WL 1049219, at *1 (E.D.N.Y.

Mar. 22, 2010)).  However, "[w]here a defendant has defaulted, a complaint's allegations of

6

willfulness may be taken as true." *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17-CV-1727, 2020 WL 3564485, at *10 (S.D.N.Y. July 1, 2020) (citing *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015)), *report and recommendation adopted*, 2020 WL 4261818 (S.D.N.Y. July 24, 2020).  "In cases of willful infringement, an award should 'discourage wrongful conduct, as well as . . . provide reparation for injury.'"  *Howarth v. FORM BIB LLC*, No. 18-CV-7047, 2020 WL 3441030, at *3 (S.D.N.Y. May 11, 2020) (quoting *Broad. Music, Inc.*, 158 F. Supp. 3d at 197–98), *report and recommendation adopted*, 2020 WL 3436685 (S.D.N.Y. June 22, 2020).  "Where infringement is willful but not 'truly egregious,' courts in this Circuit frequently award statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."  *Id.* (citing *Broad. Music, Inc.*, 158 F. Supp. 3d at 199 (collecting cases)).  "In the default context, it is . . . incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking," but "allowance must be made for the fact that the defendant's failure to appear limits that which plaintiff can show."  *Seelie v. Original Media Grp., LLC*, No. 19-CV-5643, 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020).

Upon review of the R&R, it appears that Judge Orenstein construed Plaintiff's request for statutory damages as a request for "the maximum award of $30,000" available for non-willful infringement under 17 U.S.C. § 504(c)(1).  (R&R 6–7 (citing 17 U.S.C. § 504(c)(1)).)  Because "[t]hat election obviates the need for [Plaintiff] to prove that PBH acted willfully," Judge Orenstein did not analyze whether Defendant's infringement was willful or weigh willfulness as a factor in determining the appropriate statutory award.  (*Id.*)  Accordingly, he found that there was no basis for "meaningfully distinguish[ing] this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement" and recommended

that the Court award the minimum statutory damages of $750.  (*Id.*)  However, the Court understands Plaintiff to be requesting an award of $30,000 for willful infringement under section 504(c)(2) rather than the maximum award of $30,000 available for non-willful infringement under section 504(c)(1), (*see* Pl.'s Mem. 13 (stating that Plaintiff seeks $30,000 and describing this as "the maximum statutory damages award allowed for non-willful infringement" but citing section 504(c)(2) and arguing that Plaintiff has established willfulness)), and, in any event, even "[w]here . . . the plaintiff does not seek a willfulness enhancement, it is still appropriate for the [c]ourt to consider evidence of willfulness in 'determining where in the range between $750.00 and $30,000.00 damages should be set.'"  *Broad. Music, Inc.*, 158 F. Supp. 3d at 197 (quoting *Microsoft Corp.*, 2010 WL 1049219, at *1).  Therefore, the Court considers the *Bryant* factors in light of the evidence of willfulness.

The first factor — the infringer's state of mind — favors Plaintiff, as Plaintiff alleged that PBH's infringement was "willful, intentional[,] and malicious, which . . . subjects [PBH] . . . to liability for statutory damages under [s]ection 504(c)(2) of the Copyright Act," and PBH subsequently defaulted.  (Compl. ¶ 21; Clerk's Entry of Default); *Experience Hendrix, L.L.C.*, 2020 WL 3564485, at *11 ("'[B]y virtue of their default,' [the defendants] 'are deemed to be willful infringers.'" (quoting *Lane Crawford LLC v. Kelex Trading (CA) Inc.*, No. 12-CV-9190, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013) (collecting cases))); *see also Seelie*, 2020 WL 136659, at *4 ("[The defendant's] failure to respond not only to the summons and complaint, but the default judgment motion, is indicative of willfulness." (citing *CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513, 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012))).

The second and third factors — the expenses saved and profits earned by the infringer and the revenue lost by the copyright holder — do not support an award of $30,000. As Judge Orenstein noted regarding these factors, Plaintiff has not "adduced any evidence of any benefit that PBH enjoyed as a result of the infringement," and because Plaintiff "has never licensed the Photo at issue," it is unclear exactly how much revenue Plaintiff lost due to PBH's infringement. (R&R 8.) Moreover, although Plaintiff submitted evidence of licensing fees it has negotiated for comparable uses of other photographs, (Pl.'s Mem. 16; Decl. of Rick Carlson ¶ 8, annexed to Pl.'s Mem., Docket Entry No. 11-2; Invoices, annexed to Pl.'s Mem. as Ex. C, Docket Entry No. 11-5), it appears, as Judge Orenstein further noted, that "the sample fees . . . are far closer to (and straddle) the minimum statutory award," (R&R 8; Decl. of Rick Carlson ¶ 8 (stating that Plaintiff has received licensing fees for online use of single photographs, including $2,000 for a three-year limited advertising campaign, $8,500 for a one-year collateral print-marketing campaign, and $1,500 for a one-year website license)).

The fourth factor — the deterrent effect on the infringer and third parties — favors Plaintiff because the record suggests that this is not PBH's only instance of copyright infringement and because PBH's infringement was willful. (*See* Follow-up Email, annexed to Pl.'s Mem. as Ex. G, Docket Entry No. 11-10 (following up on prior communications regarding "[PBH's] continued infringement of our client['s] copyrights" and stating that the Clerk of the Court "has entered your default in the two attached cases")); *Seelie*, 2020 WL 136659, at *4 ("[I]t seems . . . that whether a defendant is a serial copyright violator . . . bear[s] heavily on the appropriate amount of statutory damages."); *see also Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) ("[W]here, as here, a defendant is shown to have

acted willfully, a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others.").

The fifth and sixth factors — the infringer's cooperation in providing evidence and the parties' conduct and attitude — also favor Plaintiff, as Plaintiff has submitted evidence that the email address PBH lists for infringement claims and legal concerns is invalid and that Plaintiff's emails to PBH either have been returned as undeliverable or ignored.  (Pl.'s Mem. 13–14);[1] *see Experience Hendrix, L.L.C.*, 2020 WL 3564485, at *12 ("The last two factors weigh in plaintiffs' favor as well given that '[the] defendants' default and subsequen[t] silence shows a lack of cooperation in determining damages.'" (second alteration in original) (quoting *Hollander Glass Tex., Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 559 (S.D.N.Y. 2018))).

Based on the *Bryant* factors, the Court concludes that an increase to the statutory award is warranted.  Although Plaintiff has never licensed the Photo at issue, Plaintiff has submitted evidence of licensing fees it has received for comparable uses of other photographs, with the fee for the most comparable use being $1,500 for a one-year website license.  (*See* Decl. of Rick Carlson ¶ 8.)  Accordingly, the Court trebles this amount and awards Plaintiff statutory damages of $4,500, which the Court deems sufficient to "discourage wrongful conduct" and "provide reparation for [the] injury."  *See Howarth*, 2020 WL 3441030, at *3.

**III.  Conclusion**

For the foregoing reasons, the Court adopts the R&R except for its recommendation as to statutory damages, which the Court increases to $4,500.  Accordingly, the Court denies the

---

[1] (*See also* Decl. of Michael D. Steger ¶¶ 8–10, annexed to Pl.'s Mem., Docket Entry No. 11-6 (describing emails); PBH's Webpage, annexed to Pl.'s Mem. as Ex. E, Docket Entry No. 11-8 (listing email address for infringement claims); Email to invalid address, annexed to Pl.'s Mem. as Ex. F, Docket Entry No. 11-9; Follow-up Email, annexed to Pl.'s Mem. as Ex. G, Docket Entry No. 11-10.)

motion with respect to Plaintiff's DMCA claim, dismisses that cause of action for failure to state

a claim, grants the motion with respect to Plaintiff's copyright infringement claim, and enters a

default judgment against PBH in the total amount of $8,384, consisting of $4,500 in statutory

damages, $3,484 in attorneys' fees, and $400 in costs.

Dated:  January 8, 2021
        Brooklyn, New York

                                            SO ORDERED:


                                         _____s/ MKB_____
                                         MARGO K. BRODIE
                                         United States District Judge